

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**DIVISION**

**CASE NO.:**

UNITED STATES OF AMERICA

                    Plaintiff

vs.

**CIV - FERGUSON**

HAYDEE SOTO,

                              MAGISTRATE JUDGE
                    Defendant                    SNOW
_____/

**COMPLAINT**

The United States of America, acting herein by THOMAS E. SCOTT, United States Attorney for the Southern District of Florida, alleges as follows:

1. This action is brought by the United States of America, with jurisdiction provided by 28 U.S.C. § 1345.

2. The defendant is a resident of the Southern District of Florida.

3. The defendant is indebted to the plaintiff in the principal amount of $3407.72, plus interest on this principal amount computed at the rate of 11.40% percent per annum in the amount of $1630.95, plus interest thereafter on this principal until the date of judgment, plus administrative fees, costs, and penalties in the amount of $.00. See Exhibit A attached hereto and incorporated herein.

4. Demand has been made upon the defendant by plaintiff for the sum due, but the amount due remains unpaid.

WHEREFORE, plaintiff prays judgment against the defendant for the total of $5038.67, plus interest at 11.40% percent per annum on the principal amount of $3407.72, to the date of judgment, plus costs. Plaintiff further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment be at the legal rate until paid in full.

Notice is hereby given to the defendant that the plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action from any debt accruing.

Dated at Miami, Florida on this __3__ day of _Jnuary_ , 2000.

Respectfully submitted,

Thomas E. Scott
United States Attorney

By: _____
Mary F. Dooley
99 NE 4th Street
3rd Floor
Miami, FL 33132-2111
Tel No. (305) 961-9360
Fax No. (305) 530-7195

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS**

Haydee Soto
2280 Plum Ct
Pembroke Pines, FL  33026
SSN: 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

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/15/99.

On or about 03/18/90, the borrower executed promissory note(s) to secure loan(s) of $4,000.00, from Citibank (New York State) at a variable rate of interest to be established annually by the Department of Education. This loan obligation was guaranteed by United Student Aid Funds, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR Part 682). The holder demanded payment according to the terms of the note(s), and credited $168.32 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 03/23/92, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,831.68 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/25/95, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $1,553.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $3,407.72 |
| Interest: | $1,584.12 |
| Administrative/Collection Costs: | $0.00 |
| Late Fees: | $0.00 |
| Total debt as of 11/15/99: | $4,991.84 |

Interest accrues on the principal shown here at the current rate of 11.40% and a daily rate of $1.06 through June 30, 2000 and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11/19/99

Name: Kathleen Logan
Title: LOAN ANALYST
Branch: LITIGATION BRANCH

**GOVERNMENT EXHIBIT A**

B3-2LITGN/COIO5

**AG506**

# UNITED STUDENT AID FUNDS, INC. 0 0 2 5 2 4 5 0 2 3 9

WARNING: Any person who knowingly makes a false statement or misrepresentation, which may include fines and imprisonment under the United States Criminal Code and 20 USC 1097.

## SECTION IA—TO BE COMPLETED BY THE BORROWER—READ THE INSTRUCTIONS—TYPE OR PRINT IN INK

| 1 Social Security Number | 2 Last Name, First, M.I., Permanent Home Address | 3 Birthdate |
|---|---|---|
| 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 | Soto, Jose A & Haydee Soto<br>6400 Davey St<br>Hollywood, FL 33023 | 3/30/49<br>3/13/51 |
| Driver's License | | 5 Area Code/Telephone |
| State FL No. 5300-327-51-673 | | (305) 987-39 |

| 6 U.S. Citizenship Status (Check one) ☒ 1 Citizen ☐ 2 Eligible Non-Citizen  Alien ID No. | 9 Do you have any unpaid PLUS/SLS Loans for the student identified in Section 1B? If yes, the information only for the student identified in Section 1B. If no, complete 9A through 9D with zero. |
|---|---|
| 7 Requested Loan Amount 4000.00 | 8 Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions. ☐ 1 Yes ☒ 2 No | ☐ 1 Yes ☐ 2 No |

| 9A Unpaid balance of your most recent PLUS/SLS Loan. | 9B Grade level of your most recent PLUS/SLS Loan. | 9C Beginning and ending dates of your most recent PLUS/SLS Loan. | 9D Enter the total unpaid balance you owe on all your Loans, or any portion of those Loans included in your dation Loan. (Carefully read instructions.) |
|---|---|---|---|
| $3826.00 | 1 | Mo. Yr. Mo. Yr.<br>12/16/89 until Bid | $3826.00 |

**10** References—You must provide 3 separate adult references with different addresses. If your Lender requires a cosigner make the cosigner your first reference. (Carefully read ins

| Name Mrs. Beverly Hill | Name Mr. Richard Hercey | Name Rev. Jim Sheffield |
|---|---|---|
| Street Address 2010 N.W. 86 Avenue | Street Address 7772 Alhambra Blvd. | Street Address 7837 Kismet St. |
| City, State, Zip Pembroke Pines 33024 | City, State, Zip Miramar, FL 33025 | City, State, Zip Miramar FL 3 |
| Telephone (305) 432-1560 | Telephone (305) 963-4872 | Telephone (305) 981-0548 |
| Employer Florida Bible Christian School | Employer/Principal Florida Bible School ☒ 1 Yes ☐ 2 No | Employer Pastor - Florida Bible |

**11** If you qualify for a deferment, do you wish to defer principal payments while in school?   If at all possible

### Promissory Note for a PLUS/SLS Loan

I, Promissor...the undersigned Borrower promise to pay to you or your order when this Note becomes...interest equal to the Loan amount I have requested in Section 1, Item 7 of this Appli...the amount which will be disclosed to me in the Notice of Loan Guarantee and Discl...the amount advanced to me, plus interest and any other charges which may...in paragraph IV. My obligation...identified I have read, understand and agree to...and explanations stated in this "Borrower Certification" phrase...reverse side and...required information highlighted in the Application Booklet.

I understand this is a Promissory Note. I will not sign this Promissory Note before reading it and the writing on the reverse side, even if otherwise advised. As a Borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Loan Guarantee and Disclosure Statement and any amendments. I sign. By signing this Promissory Note I acknowledge I have received an exact copy of this Note as of the date below.

22A X Haydee Soto   3/8/92
Borrower Signature   Date

Notice to Borrower: Terms of the Promissory Note continue on the reverse side.
• Retain Copy D for your records.

## SECTION IB—TO BE COMPLETED BY THE STUDENT—READ THE INSTRUCTIONS

| 13 Social Security Number | 14 Last Name, First, M.I. | 15 Birthdate |
|---|---|---|
| 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 | Soto  Jamie | 10-1 |

| 16 U.S. Citizenship Status (Check one)  Alien ID No. | 18 Loan Period for this Loan  Mo. Yr. Mo. Yr. | 19 Enrollment Status (Ch |
|---|---|---|
| ☒ 1 Citizen ☐ 2 Non-Citizen  Eligible | 17 Major Course of Study Business Adm | From 8/90 To 5/91 | ☒ 1 Full-Time ☐ 2 |

| 20 Have you ever defaulted on an education loan? (Check one) If yes, carefully read instructions. ☐ 1 Yes ☒ 2 No | Name of Previous Lender, if any  Citibank - Student Loan Business |
|---|---|

**22** I have read and understand the terms of the STUDENT CERTIFICATION printed on the back of this Application.
Signature of Student  Jamie Soto   Date 3/18/9

## SECTION II—TO BE COMPLETED BY THE SCHOOL

| 23 Name and Address of School | 24 School Code | 25 Area Code/Telephone Number | 26 Grade Lev |
|---|---|---|---|
| Liberty University<br>Box 20000<br>Lynchburg, VA | 020530 | 804 582-2035 | 1 |

| 27 Anticipated Completion Date  Mo. Yr. 6/93 | 28 Loan Period  Mo. Day Yr. Mo. Day Yr.<br>From 8/23/90 To 5/16/ |
|---|---|
| 29 Recommended Disbursement Dates  Mo. Day Yr. Mo. Day Yr. Mo. Da<br>9/17/90 | |

| 30 Cost of Attendance for Loan Period | 31 Financial Aid for Loan Period | 32 Cost Less Aid (30 minus 31) |
|---|---|---|
| 11,100. .00 | 5025. .00 | 6075. |

**33** I have read and understand the terms of the SCHOOL CERTIFICATION printed on the back of this Application.
Signature of Financial Aid Director  Brenda Glass   Type or Print Name and Title  Brenda Glass Student Loan Manager   Date 9/10/90

## SECTION III—TO BE COMPLETED BY THE LENDER

| 35 Name and Address of Lending Institution | 36 Disbursement Dates  Mo. Day Yr. Mo. Day Yr. | 37 Amount I Approved |
|---|---|---|
| CITIBANK (NEW YORK STATE)<br>P.O. BOX 50429<br>INDIANAPOLIS, IN 46250<br>OHIO MAILROOM<br>SEP 19 1990 | 38 First Payment Date  Mo. Day Yr. | 39 Combine with previous loans? (Check one) ☐ Yes ☐ No | 40 Area Code/Telephone Number  800-824-7044 | 41 No. Repa |
| | 42 Lender Code  826878 | 43 For Lender Use Only  002102122 |

**44** Authorized Lending Officer   Type or Print Name and Title   Date

*Copyright 1988 United Student Aid Funds, Inc. All Rights Reserved. This form is to be used only by USA Funds or the Guarantor it serves as identified above.   LENDER COPY A<br>USA Funds Form 2615C 2/89 (P1)

**II. Date Note Comes Due.** This Note becomes ... immediately when the following requirements for entering repayment I will repay this loan ... periodic installments which will begin. 1) on the date identified in the Notice of Loan Guarantee and Disclosure Statement; or 2) within 60 days of the last disbursement, or 3) no later than 45 days after I cease to be eligible for any deferment of principal payments granted to me after the loan proceeds are advanced.

**III. Interest.** I agree to pay interest on the unpaid principal balance of the loan from the date you advance the loan until the loan is paid in full. My interest rate on this loan will be a variable rate never to exceed 12%, adjustable annually, equal to the bond equivalent rate of the 52-week Treasury Bills auctioned at the final action held prior to June 1 plus 3.25 percent. This variable annual rate is determined by the Secretary of the United States Department of Education (hereinafter the "Secretary") in accordance with the Higher Education Act of 1965, as amended (hereinafter the "Act") The rate is determined each year on June 1 and is applicable for any period beginning July 1 of each year and ending June 30 of the following year. The interest rate for this loan will be disclosed on the Notice of Loan Guarantee and Disclosure Statement. From the first disbursement date until the final disbursement date and during a deferment of principal payments, I agree either to pay the total interest accrued, if any, or that the Lender may add such interest to the principal balance due to be repaid with interest, in installments. All payments will be made to your address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address provided for me

**IV. Guarantee Fees.** I will pay you a guarantee fee, if applicable, in an amount identified on the Notice of Loan Guarantee and Disclosure Statement, which you will forward to the Guarantor to pay for its guarantee of this Note. The guarantee fee may be deducted from the proceeds of this loan. If I return the original disbursal check uncashed or if I repay this loan in full within 120 days of disbursement I will be entitled to a full refund of the guarantee fee.

**V. Default** : will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the Guarantor finds it reasonable to conclude I no longer intend to honor the obligation to repay provided this failure persists for 180 days for a loan repayable in monthly installments, or 240 days for a loan repayable in less frequent installments. After sending such notice to me, you will have the right, without further notice, to take the outstanding balance out of any checking and/or savings account I have with you, if not prohibited by law; but not out of the proceeds of any other property of mine which you have a right to take because of any other agreement between you and me. If I default, I will still be required to pay interest on this loan as provided in Interest, Paragraph III from the date of default. The Lender, Holder and Guarantor may disclose to any schools I have or intend to attend the information about the default and I will be ineligible to receive assistance from any of the following federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant Perkins Loan (formerly called National Defense/Direct Student Loans (NDSL)), Stafford Loan (formerly called the GSL Program), Supplemental Loans for Students (SLS), PLUS Loan, an Income Contingent Loan or a Consolidation Loan. A default also makes me ineligible for the benefits for which I may qualify for as described under Deferment, Paragraph VIII and under Interest Paragraph III.

**VI. Late Charges and Collection Costs.** If any payment has not reached you within 10 days after its due date or if I fail to provide written evidence which verifies my eligibility to have the amount deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted which shall not exceed six cents for each dollar of each late installment. If I fail to pay any of these amounts when they due, I will pay all charges, collection and other costs, including the statutorily authorized fees of outside attorney and court costs that are permitted by federal law and regulations for the collection of this loan, which you incur in collecting this loan. In the case of amounts brought into repayment status as a result of the Guarantor performing supplemental preclaims assistance in accordance with §428(c)(6)(C) of the Act, I will be liable for such costs.

**VII. Additional Agreements.** The proceeds of this loan will be used only for education expenses. Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Your failure to enforce or insist I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. If the Guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the Guarantor will become the owner of this Note and as my creditor will have all the rights of the original Lender to enforce this Note against me. I understand I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days; I have not made any false written statement with regard to this loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note. In this Note the words I, me, and my mean the Borrower identified in Item 2 of Section IA of the Application and any words I, me, and my mean the Borrower identified in Item 2 of Section IA of the Application and any Cosigner of this Note. You, your and yours mean the Lender and any other owner of this Note. If the Borrower becomes totally and permanently disabled, or dies, his or her obligation to repay this loan will be cancelled. I hereby give the Lender or Guarantor the authority to complete any incomplete blanks on this Note.

**VIII. Deferment.** I am entitled to deferments under the Act and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand I must notify you when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined according to the information provided in the Deferment Information sheet.

**IX. Repayment.** I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the due date of this Promissory Note until the loan is paid in full unless the whole loan is due as described in Default, Paragraph V

I will repay this loan over a repayment period which generally lasts at least 5 years but no more than 10 years ... the following exceptions to this rules apply:

... period shorter than 5 years if this is necessary to ... rment period I—or, if both my spouse and I have ... tanding, we—pay toward principal and interest at ... ch loans (plus interest), whichever is less.

... ents during any period described under Deferment, ... if, the Lender grants "forbearance," those periods ... periods mentioned above.

... ent which apply to this loan will be set forth in a ... Schedule, which the Lender will provide to me. ... pns. I further agree the Lender may grant me a ... payment date of this loan with other loans reflected ... of eliminating a delinquency which persists even ... rts. If a forbearance is granted in either of these two ... d interest.

... and without penalty, prepay all or any part of the ... time. If I do so, I will be entitled to a rebate of any

All right, title and interest of the undersigned is hereby assigned (without warranty, except that the note qualifies for insurance) to the United Student Aid Fund.

Name of Lender: Citibank (New York State)

Title of Officer: Assistant Manager

Signature of Officer: _____

Date Signed: SEP 4 1992

Off... Information concerning the amount of this ... e or more credit bureau organizations.

If I default on this loan, the Lender, Holder or Guarantor will also report the default to one or more credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit.

## Borrower Certification

I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in Section IA of this Application is true, complete and correct to the best of my knowledge and belief and is made in good faith. If I am applying for a PLUS Loan as a parent, I certify I am the natural or adoptive mother or father or legal guardian of the student named in Section IB. The proceeds of any loan made as a result of this Application will be used solely for education purposes for the loan period covered by this Application and at the school described in Section II. I understand that any funds I receive on behalf of the student named in Section IB which cannot reasonably be attributed to meeting the education expenses of the student related to attendance at the school named in Section II for the loan period stated must be returned to the Lender. I authorize the Lender to issue a check covering the proceeds of my loan, in full or in part, made payable to me, or at the Lender's option, jointly payable to me and the school, and sent to the school if I am a Student Borrower. I certify that the total amount of loans received under the PLUS/SLS Loan Programs of Title IV, Part B of the Higher Education Act of 1965, as amended, will not exceed the allowable maximums. I authorize the Lender to perform a credit check

to determine my ability to repay this loan. The Lender is authorized to check my credit and employment history and to answer questions about its credit experience with me. I am not now in default on a Perkins Loan (formerly called National Defense/Direct Student Loan (NDSL)), a Federal default on a Perkins Loan (formerly called National Defense/Direct Student Loan (NDSL)), a Federal Insured Student Loan (FISL), a Stafford Loan (formerly called the GSL Program), a Health Education Assistance Loan (HEAL), a PLUS/SLS Loan, an Income Contingent Loan or a Consolidation Loan unless I have otherwise indicated. I further certify I do not now owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant, or State Student Incentive Grant.

I, the Borrower, understand I will receive a Notice of Loan Guarantee and Disclosure Statement which identifies my loan amount (as determined by the Lender), the fee amounts, disbursement dates, grace period, interest rate; due dates, and late charges. I understand and agree that if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement is controlling.

## Student Certification

I certify under penalty of perjury under the laws of the United States of America that the following is true and correct. The information contained in Section IB of this Application is true, complete and correct to the best of my knowledge and belief and is made in good faith. If this is an Application for a PLUS Loan, the Borrower identified in Section IA is my natural or adoptive father, mother or legal guardian and to the best of my knowledge, I am dependent upon my parent(s) for the purpose of securing student financial aid. I hereby authorize the school named in Section II to pay to the Lender named in Section III any refund which may be due to me up to the amount of this loan. I hereby authorize any school that I may attend to release to the Lender, subsequent Holder,

Guarantor, U.S. Department of Education, or their agents, any requested information pertinent to this loan (e.g., enrollment status, financial assistance, employment, current address). I am not now in default on a Perkins Loan (formerly called National Defense/Direct Student Loan (NDSL)), a Federal Insured Student Loan (FISL), a Stafford Loan (formerly called the GSL Program), a Health Education Assistance Loan (HEAL), a PLUS/SLS Loan, an Income Contingent Loan or a Consolidation Loan unless I have otherwise indicated. I do not now owe a repayment on a Pell Grant, Byrd Scholarship, Supplemental Grant, or State Student Incentive Grant.

**NOTICE TO BORROWER AND COSIGNER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION.**

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | HAYDEE SOTO    MAGISTRATE JUDGE SNOW |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   BROWARD |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| B Broward CO-6065 CV Ferguson | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
THOMAS E. SCOTT - U.S. ATTORNEY
99 N.E. 4th STREET SUITE 300
MIAMI, FL 33132-2111  (305) 961-9311

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:  DADE,  MONROE,  (BROWARD),  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

RECOVERY OF FUNDS EXPENDED BY THE PLAINTIFF AS GUARANTOR OF A DEFAULTED FEDERAL
STUDENT LOAN 34 CFR 682.100 (4) (d)

LENGTH OF TRIAL ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 5,038.67
+ interest & penalties

CHECK YES only if demanded in complaint
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE ____

DOCKET NUMBER ____

DATE  1/12/00

SIGNATURE OF ATTORNEY OF RECORD

Mary F. Dooley, AUSA

FOR OFFICE USE ONLY

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____